ALTENBERND, Judge,
Dissenting.
I cannot hold that the trial court abused its discretion in deciding not to excise this small portion of Mr. Cass’s recorded statement. It is important to understand that the detective was not testifying under oath to the jury. He was questioning a suspect using minimizing techniques to encourage the suspect to talk. Defense counsel thoroughly cross-examined the detective bringing out that the detective had training in interrogation, that he sometimes tricked and deceived people during interrogation, and that he used minimizing techniques during this interview to overcome the suspect’s reluctance to admit criminal behavior. '
" As is often the case, this interview began with' Mr. Cass denying that he did anything wrong. ‘ The detective slowly peeled the onion, and Mr. Cass finally made multiple incriminating statements about sexual conduct with the young victim.' The interview continued after; Mr. Cass was formally arrested and had received his Miranda warnings. - During the continuation of the interview, the detective asked him if he had had “other problems” because of his excessive partying. In the transcript in the record, the answer is “inaudible.”[2] Thereafter, the transcript reflected the following:
[DETECTIVE]: Because I know that— I know that when you’re molested, that it — a lot of times it — it affects a lot of stuff in your life and makes things, especially if you never dealt with it, you never went to counseling or anything for it?
CASS: (Inaudible.)
[DETECTIVE]:. Well, that — that actually explains a lot, believe it or not. I can understand. This is the thing. It’s — I’m sure you saw the infomercials and stuff, people who — who have- been exposed to something when they’re younger, have a more likely chan.ce of doing something similar down the road, because, in fact, you were a victim at one time. You know what I’m saying? It makes you more — more susceptible. And then the drinking and the alcohol, the drinking and the drugs, they just knock down the common sense factor or the — the. self-control factor that would normally keep you from something like this. You know what I mean? Like you, you normally, stone sober, would you have ever done this?
CASS: No.
[DETECTIVE]: But when you’re drunk and messed up and you’re not, you know, you’re not a hundred percent in your right mind, I mean. I can — here’s the thing, I can1 — that is a — that’s a reason that this happened, but it’s — you *1109 understand that it s not an excuse to do it. It’s not—
CASS: (Inaudible.)
[DETECTIVE]: (Inaudible) but that actually makes sense. You know what I mean? I can understand being a victim of something and • making a -mistake yourself. So all BS aside, no. I mean, it’s — it’s not going to make anything worse on you or anything will make anything better and if she tells me that this happened five times, is that right, about?
CASS: The sex? I just remember the once.
[DETECTIVE]: No, not the — not the sex. She never said the sex happened five times, but that the — but the progressive thing that she described, like what I told you, the — at first it was just touching, that stuff—
CASS: (Inaudible.)
[DETECTIVE]: Is that accurate?'-
CASS: Pretty much.
[DETECTIVE]: Yeah.
CASS: (Inaudible) all blurry (inaudible).
[DETECTIVE]: All right. But you do remember on other occasions going in and touching her?
CASS: Yeah. A couple times.
[DETECTIVE]: And then just the sex was because you got carried away?
CASS: Yes. I remember one point kind of blacking out.
Given that the detective’s psychological opinions were clearly designed to bring out this confession, it would be difficult to edit the transcript of the questioning that prompted the answer. Perhaps the trial court could have given stronger instructions that the detective’s statements and questions during the interview were not the evidently portion- of the interview, but I cannot say that no reasonable judge would have allowed this problem to be handled by cross-examination, which is exactly what occurred in this case.

. The jury listened -to the recording of the interview, which is not in our record.